IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL JOSEPH
PARRISH-PARRADO,

                Plaintiff,

        v.                       CASE NO.  07-3046-SAC

KARA RATZSTAFF,
et al.,

                Defendants.

O R D E R

This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF). Named as defendants are "Larned State Hospital" (LSH) and Kara Ratzstaff, an aide at LSH.

As the factual basis for his complaint, plaintiff alleges the following. (1) Defendant "Ratzstaff's inappropriate arguing" about a "homosexual incident" in the "Isaac Ray shower room" led to the loss of his minimum wage employment; the incident involved two other inmates, not plaintiff, and led defendant LSH "to foreclose Isaac Ray Building's public restroom;" and a remark to an employee by one of the inmates involved in the incident "led to an erroneous protective custody order on plaintiff."  (2) Plaintiff was not involved in the homosexual activity, but apparently LSH employee David Tims and one of the involved inmates have asserted otherwise. (3) Minimum wage employment was promised to KDOC inmates as part of therapy at LSH; employment opportunities for inmates have fallen through due to "employee hiring no-shows" for the facility's programs; and he has been without employment for all but 4 days.

(4) Plaintiff has lost communication with church, family and the Missouri Military Academy due to lay-offs, and is severely depressed as a result; communication at LSH is by prepaid postage stamps and telephone calling cards; he is the "bread-winner" for another inmate and they have lost all supplies and communications.

Plaintiff sues for denial of communication by phone, for "slander" by employee Tims "asserting 'sexual exploitation' in LSH files and records," and for cruel and unusual punishment for the days since he was laid-off from employment and has "suffered suicidal depression[1]." He seeks $50,000 "in compensation" for his losses and suffering.

Plaintiff has also filed an Application to Proceed in forma pauperis (Doc. 2). He has previously been designated a "three strikes litigant" in this court[2] pursuant to 28 U.S.C. 1915(g), and has been repeatedly informed of this designation and its significance. The court has examined the complaint and finds no basis to conclude that Mr. Parrish-Parrado could be allowed to proceed in this matter without the prepayment of the full filing fee. The alleged constitutional violations and conditions raised in his complaint fall far short of presenting either an "imminent

---

[1] Plaintiff should immediately present his claim of being suicidal to staff at the Mental Hospital where he is confined, since his exhibits indicate they may not be aware of his feelings.

[2] Plaintiff has filed cases under different names, including Daniel Joseph Kirwan, Michael Duane Pyle, and Daniel Joseph Parrish. He has also used the names Daniel Parrado and Daniel Parrish-Parrado. The cases on which his three-strikes status were based are: Kirwan v. Larned Mental Health, 816 F.Supp. 672 (D. Kan. 1993); Kirwan v. Huggins, Case No. 91-3217, 1991 WL 158842 (D. Kan., July 31, 1991); and Kirwan v. Appel, Case No. 88-3416, 1988 WL 142902 (D.Kan. Dec. 29, 1988).

danger" or the kind of "serious physical injury" needed to avoid operation of the 3-strike provision in § 1915(g). Accordingly, the court concludes plaintiff may proceed in this action only if he pays the full filing fee of $350.00 required for filing a civil rights complaint under 42 U.S.C. §1983.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is denied; and plaintiff is granted thirty (30) days from the date of this Order to submit the $350.00 filing fee.  Failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge